FRANK M. ASHLEY, as Administrator, etc., Respondent, *v.* THE WROUGHT-IRON BRIDGE COMPANY, Appellant.

*Supreme Court, First Department, General Term, October 19, 1889.*

*Principal and agent. Commissions.*—An agreement by the principal to pay his selling agent at the rate of ten per cent on contracts up to $999, eight per cent from $1,000 to $1,999, etc., does not entitle the agent to compute commissions at each rate in part for making a sale where the contract price was over $999.

Appeal from a judgment entered upon the report of a referee for damages $128.25, for costs $730.50. The original plaintiff died since the entry of judgment and the bringing of this appeal, and the respondent has been substituted as his administrator. The defendant is a foreign corporation doing business in the state of Ohio, as a manufacturer of iron bridges, and the decedent was its agent in the state of New York for several years prior to the 20th day of January, 1881. For some time immediately preceding that date the plaintiff was allowed a commission of eight per cent upon the gross amount of sales. On that day the defendant's agent addressed a letter to the plaintiff relative to commissions on future sales, as follows : " We will charge your commissions, viz. : 10 per cent on contracts up to $999 ; 8 per cent from $1,000 to $1,999 ; 7 per cent from $2,000 to $2,999 ; 6 per cent from $3,000 to $3,999 ; 5 per cent on amounts of $4,000 and over. This, we think, will give you a much better chance to work, as large contracts will not stand as large commissions as small ones, and are generally taken at about the same expense per contract." The deceased accepted the terms proposed and made sales thereafter of five bridges, with prices varying from $1,000 to $2,000 for each bridge. One of the questions presented on the trial

was as to the mode and manner of computing commissions upon the sales made.

The plaintiff contended that a proper construction of the written proposition entitled him to ten per cent upon $999 of the price for which each bridge sold, and eight per cent upon the balance, which claim was allowed by the referee; while the defendant contended that as each sale amounted to more than $1,000 and did not exceed $2,000, he was entitled to eight per cent, and no more.

The difference in the mode of computation amounted to $99.90, and was allowed the plaintiff in the account as stated by the referee.

*Albert C. Tenant*, for appellant.

*E. M. Ashley*, for respondent.

PER CURIAM.—We think it obvious, that under the agreement for commissions, as stated in the defendant's letter of January 20, 1881, they were to be computed at one rate on the sum for which each bridge was sold, and not different rates for making a sale if the contract price was above $999, as claimed by the plaintiff, and allowed by the referee. The words of the contract lead us to this conclusion. The question does not admit of much discussion. The letter states that the company could not afford to pay the same rate of commissions for making a large contract as for making a small one. This expression indicates the intention of one of the parties to which the other must have understandingly assented. The mode of computing commissions as claimed by the plaintiff, if adopted, would thwart the purpose of the defendant in changing the amount of commissions to be allowed on each sale. For instance, if a sale of a bridge was made amounting to $5,000, the commissions, as claimed by the defendant, would amount to $250. If computed in the manner claimed by the plaintiff, it would

amount to $360. By adopting the plaintiff's contention, he would get two and one-half times more, for making a sale of a bridge for $5,000, than he would receive for making a sale of a bridge for $1,000. These being our views, the item of $99.90, claimed and allowed to the plaintiff as unpaid commissions under the contract, was error, and leads to a reversal of the judgment. The refusal of the referee to allow interest on the item of the $400 seems to be in accordance with our views as stated in our opinion when this case was here on a former appeal.

We do not attempt to correct the error pointed out by reducing the amount of the judgment, as there is a controversy between the parties over other items which were disallowed the plaintiff. If he should support his entire claim, he may recover a judgment which would entitle him to costs. If the judgment is modified by deducting the $99.90, then the plaintiff's recovery will be less than fifty dollars, and he will be chargeable with costs of this litigation, which are now very large.

Judgment reversed, and a new trial granted before another referee, with costs to abide event.

DWIGHT and MACOMBER, JJ., concur.